Eastern District of Kentucky
FILED

JAN - 3 2007

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# ASHLAND

Civil Action No. 06-67-HRW

FLOYD K. STEPHENS,                                   PLAINTIFF,

v.                    MEMORANDUM OPINION AND ORDER

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,              DEFENDANT.


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge

a final decision of the Defendant denying Plaintiff's application for disability

insurance benefits.  The Court having reviewed the record in this case and the

dispositive motions filed by the parties, and being otherwise sufficiently advised,

for the reasons set forth herein, finds that the decision of the Administrative Law

Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for  disability insurance benefits on

February 26, 2003, alleging disability beginning on due to low back and lower

extremity pain secondary to a ruptured disc in his lumbar spine, high blood

pressure, difficulty hearing and eye trouble (Tr. 86-96).  This application  was

1

denied initially and on reconsideration.  On March 19, 2004, an administrative

hearing was conducted by Administrative Law Judge Don C. Paris  (hereinafter

"ALJ"), wherein Plaintiff, accompanied by counsel, testified (Tr. 217-244).    A

supplemental hearing was convened on August 9, 2005.   At the second hearing

Plaintiff testified further   (Tr.  248-252).   Betty Hale, a vocational expert

(hereinafter "VE"), also testified (Tr. 252-256).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not
> disabled.

> Step 2:  If the claimant is not performing substantial gainful work, his
> impairment(s) must be severe before he can be found to be disabled based
> upon the requirements in 20 C.F.R. § 416.920(b).

> Step 3:  If the claimant is not performing substantial gainful work and has a
> severe  impairment (or impairments) that has lasted or is expected to last for
> a continuous period of at least twelve months, and his impairments (or
> impairments) meets or medically equals a listed impairment contained in
> Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without
> further inquiry.

> Step 4: If the claimant's impairment (or impairments) does not prevent him
> from doing his past relevant work, he is not disabled.

> Step 5: Even if the claimant's impairment or impairments prevent him from
> performing his past relevant work, if other work exists in significant

numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On August 31, 2005, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 21-30).

Plaintiff was 51 years old at the time of the hearing decision (Tr. 22). He has a high school education (Tr. 22). His past relevant work experience consists of work as a laborer and furnace operator (Tr. 22).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 29).

The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative disc disease of the lumbar spine status-post lumbar microdisectomy, degenerative disc disease of the cervical spine, bilateral high frequency hearing loss, hypertension and morbid obesity, which he found to be "severe" within the meaning of the Regulations (Tr. 29).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 29).

The ALJ further found that Plaintiff could not return to his past relevant work but determined that he has the residual functional capacity ("RFC") to

3

perform a significant range of light work, with certain limitations (Tr. 29-30).
The ALJ finally concluded that these jobs exist in significant numbers in the
national and regional economies, as identified by the VE (Tr. 30).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the
sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the
ALJ's decision as the final decision of the Commissioner on February 24, 2006
(Tr. 5-7).

Plaintiff thereafter filed this civil action seeking a reversal of the
Commissioner's decision. Both parties have filed Motions for Summary Judgment
[Docket Nos. 4 and 7] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is
supported by substantial evidence. "Substantial evidence" is defined as "such
relevant evidence as a reasonable mind might accept as adequate to support a
conclusion;" it is based on the record as a whole and must take into account
whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d
383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by
substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ erred in discounting the opinion of his treating physician, Dr. John Jones.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

On March 4, 2004, Dr. Johns completed a functional capacity assessment wherein he limited Plaintiff to lifting no more than ten pounds occasionally, sit no

more than two hours in an eight-hour day and stand no more than two hours during an eight-hour day (Tr. 197-199). These restrictions were not incorporated into Plaintiff's RFC. Rather, the ALJ found that based upon the evidence, Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, stand/walk six hours in an eight-hour workday and sit six hours in an eight-hour workday (Tr. 29). In doing so, the ALJ concluded that Dr. Jones' severe limitations were "inconsistent with the preponderance of evidence" (Tr. 26). For example, Dr. Joseph Koenigsmark reported that Plaintiff presented full ranges of motion in both the cervical and lumbar spine and was able to sit, stand and move without assistance (Tr. 200-207). In addition, Plaintiff admitted that he was able to lift up to 20 pounds.

Moreover, the Plaintiff's daily activities belie Dr. Jones' assessment of severe limitation. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Given the lack of supporting evidence, the Court finds no error in the ALJ's discounting of Dr. Jones' opinion.

As for Dr. Jones' May 2005 pronouncement that Plaintiff is "totally and permanently" disabled, the ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of January, 2007.

Henry R. Wilhoit, Jr., Senior Judge

7